JS 44 (Rev. 06/17)

**CIVIL COVER SHEET**

17-CV-4453

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| EZIO TORRES | CLIP INTERACTIVE LLC |

**(b)** County of Residence of First Listed Plaintiff    Sussex
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Boulder
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David M. Koller, Esq., Koller Law LLC, 2043 Locust Street, Suite 1-B, Philadelphia, PA 19103, 215-545-8917

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government    Plaintiff
- ☒ 3   Federal Question    *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government    Defendant
- ☐ 4   Diversity    *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*      Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product |    Product Liability | |    28 USC 157 |    3729(a)) |
| ☐ 140 Negotiable Instrument |    Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & |    Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
|    & Enforcement of Judgment |    Slander |    Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' |    Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted |    Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
|    Student Loans | ☐ 340 Marine |    Injury Product | |    New Drug Application | ☐ 470 Racketeer Influenced and |
|    (Excludes Veterans) | ☐ 345 Marine Product |    Liability | | ☐ 840 Trademark |    Corrupt Organizations |
| ☐ 153 Recovery of Overpayment |    Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
|    of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending |    Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract |    Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) |    Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal |    Property Damage |    Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |    Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - |    Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| |    Medical Malpractice | |    Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** |    Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |    Income Security Act |    or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party |    Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ |    Sentence | |    26 USC 7609 |    Agency Decision |
| ☐ 245 Tort Product Liability |    Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | |    State Statutes |
| |    Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| |    Other | ☐ 550 Civil Rights |    Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | |    Conditions of | | | |
| | |    Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Wage Payment Collection Law, Fair Labor Standards Act

Brief description of cause:
Unpaid Wages

**VII. REQUESTED IN COMPLAINT:**

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**    *(See instructions):*    JUDGE     DOCKET NUMBER

OCT - 5 2017

DATE   9/30/17    SIGNATURE OF ATTORNEY OF RECORD    S.T.

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

**UNITED STATES DISTRICT COURT**

17    4453

FOR THE **E R**RN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 7 Lakewood Shore, Rehoboth Beach, DE

Address of Defendant: 3100 Carbon Place, Ste. 102, Boulder, CO 80301

Place of Accident, Incident or Transaction: Pennsylvania
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☑

Does this case involve multidistrict litigation possibilities?    Yes☐  No☑
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
    Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, David M. Koller , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 9/30/17    _____    90119
                  Attorney-at-Law         Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.    OCT - 5 2017

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/30/17    _____    90119
                  Attorney-at-Law         Attorney I.D.#

CIV. 609 (5/2012)



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

EZIO TORRES            :            CIVIL ACTION

v.          :

CLIP INTERACTIVE LLC :      NO. 17   4453

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (✓)

_10/2/17_           _[signature]_         _Plaintiff_
**Date**              **Attorney-at-law**       **Attorney for**

_215-545-8917_     _215-575-0826_    _davidK@Kollerlawfirm.com_
**Telephone**          **FAX Number**       **E-Mail Address**

(Civ. 660) 10/02

OCT -5 2017

**ER**

**KOLLER LAW LLC**
David M. Koller, Esquire                                   *Attorney for Plaintiff*
ATTY ID No. 90119
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EZIO TORRES,** | : | |
| **7 Lakewood Shore** | : | **Civil Action No.** |
| **Rehoboth Beach, DE** | : | |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | |
| **CLIP INTERACTIVE LLC** | : | |
| **3100 Carbon Place, Ste. 102** | : | **COMPLAINT AND JURY** |
| **Boulder, CO 80301** | : | **DEMAND** |
| **Defendant.** | : | |
| | : | |

### CIVIL ACTION

Plaintiff Ezio Torres, by and through his attorney, bring this civil matter against Defendant Clip Interactive LLC alleging Clip Interactive LLC violated the Wage Payment Collection Law ("WPCL"), Fair Labor Standards Act ("FLSA") and Minimum Wage Act ("MWA"), and avers and alleges as follows:

### INTRODUCTION

1. In this action, Plaintiff seeks damages from Defendant the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act ("MWA") and the Wage Payment Collection Law ("WPCL").

2. Defendant employed Plaintiff as Vice President of Interactive Sales and Partnerships from

1

June 1, 2015 until May 15, 2016.

3. Defendant failed to compensate Plaintiff properly and withheld wages from Plaintiff's paycheck without his knowledge or approval.

## THE PARTIES

4. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

5. Plaintiff is an adult male domiciled at the above captioned address.

6. Defendant Clip Interactive LLC (hereinafter "Defendant") is an interactive radio technology company that is headquartered at the above captioned address.

7. Plaintiff began his employment with Defendant on or around June 1, 2015 and worked in Philadelphia and the surrounding area as defined by his assigned territory.

8. At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted within the scope of his or her job responsibilities.

## JURISDICTION AND VENUE

9. The foregoing paragraphs are incorporated by reference herein as if the same were set forth at length.

10. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

11. Further, this Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operate facts.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district,

2

and Defendant is subject to personal jurisdiction in this district.

13. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## FACTUAL SUMMARY

14. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

15. On June 1, 2015, Defendant hired Plaintiff.

16. Plaintiff's position was Vice President of Interactive Sales and Partnerships.

17. Plaintiff was well qualified for his position and performed well.

18. Defendant stated in Plaintiff's Employment Agreement that Plaintiff would be paid $11,250 per month for June, July and August 2015. A copy of the Employment Agreement is attached as Exhibit A.

19. The Employment Agreement also contains language that Plaintiff would be paid $12,500 per month from September 2015 until May 2016, until Defendant would reevaluate Plaintiff's salary.

20. Also per the Employment Agreement, at which time Plaintiff also was eligible for quarterly bonuses based upon the quarterly revenue goal achieved.

21. Also, per the Employment Agreement, if Plaintiff achieved a total gross revenue goal by the end of the year, he would also be eligible for a $25,000 annual bonus.

22. However, in September 2015, Defendant continued to pay Plaintiff $11,250 per month and not $12,500 per month for his salary.

23. Plaintiff complained to Bill Freund, Chief Revenue Officer, about his base salary not being increased as outlined in his Employment Agreement.

3

24. Mr. Freund informed Plaintiff that his base salary would be corrected.

25. However, in October 2015, Defendant continued to pay Plaintiff $11,250 per month for his base salary; again, not consistent with the terms of the Employment Agreement.

26. In addition, Plaintiff earned $1,591.32 for his 2015 Q3 bonus, which ended on September 30, 2015.

27. Plaintiff's Q3 bonus should have been paid within 30 days as stated in his employment agreement.

28. Defendant however, failed to pay Plaintiff his 2015 Q3 bonus.

29. Defendant also continued to pay Plaintiff $11,250 per month for his base salary and did not increase his base salary to $12,500, despite Plaintiff's multiple complaints to Mr. Freund and Michael Lawless, Chief Executive Officer.

30. Plaintiff earned $3,416.99 for his 2015 Q4 bonus but, Defendant failed to pay it to Plaintiff.

31. Defendant did not provide Plaintiff with his 2016 Q1 or Q2 Commission Reports, so it is unclear how much Plaintiff earned but, he also did not receive for his 2016 Q1 and Q2 bonuses either.

32. On May 9, 2016, Mr. Lawless emailed Plaintiff that his employment was to be terminated effective May 15, 2016, as part of company-wide lay-offs.

33. Mr. Lawless stated in his email that Defendant would be compensating Plaintiff for his 2015 Q3 and Q4 bonuses but, a schedule for payment was unavailable at the time.

34. On November 30, 2016, Plaintiff emailed Mr. Lawless and Mr. Freund requesting an update about the payment for the compensation that he is owed.

35. On December 19, 2016, Mr. Lawless responded that he expects to be able to pay what Defendant owed Plaintiff in early January 2017.

4

36. On March 7, 2017, Mr. Lawless emailed Plaintiff that Defendant was currently very short with cash but, that due to recent growth, he was hopeful that Defendant would be able to pay Plaintiff shortly.

37. On March 14, 2017, Plaintiff responded to Mr. Lawless that he appreciated the email but, requested a hard date when Defendant would be able to compensate him because he has had money owed to him since September 2015.

38. On March 21, 2017, Plaintiff emailed Mr. Lawless again that he had not heard from him and requested to be paid in full by March 31, 2017, or he would contact the Department of Labor.

39. On March 30, 2017, Mr. Lawless responded to Plaintiff by apologizing and stated that he was going to have to speak with Mr. Freund about the exact payment amount and date of payment.

40. On April 4, 2017, Plaintiff responded to Mr. Lawless that Defendant has continued to postpone the money that he is owed and that he needs a definitive plan with dates.

41. However, Mr. Lawless ceased responding to Plaintiff.

42. Defendant owes Plaintiff $11,250 in base salary, $5,008.31 in 2015 Q3 and Q4 bonuses, and an unknown amount for his 2016 Q1 and Q2 bonuses.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS

43. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

44. Defendant employed Plaintiff within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

45. Defendant, as outlined more fully above, willfully refused to pay Plaintiff minimum wages,

in violation of 29 U.S.C. §§ 206 (a), (f) and the U.S. Department of Labor regulations.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT II – FAILURE TO PAY WAGES
## WAGE PAYMENT AND COLLECTION LAW

46. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

47. Plaintiff was hired as an employee by Defendant.

48. Defendant refused to pay Plaintiff the proper amount that he is owed.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT III – PENNSYLVANIA MINIMUM WAGE VIOLATIONS
## PENNSYLVANIA WAGE PAYMENT LAW

49. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

50. Defendant, as outlined more fully above, intentionally and willfully failed to pay and refused to pay Plaintiff minimum wages, in violation of Pennsylvania

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IV
## BREACH OF CONTRACT

51. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

52. Plaintiff agreed to work for Defendant as a Vice President of Interactive Sales and

6

Partnerships.

53. Defendant, in turn, agreed to provide Plaintiff with the following in exchange for his
    services:

    a.  Defendant would pay Plaintiff a salary of $11,250 monthly paid bi-monthly for
    his first three (3) months and a salary of $12,500 monthly paid bi-monthly for his
    next nine (9) months;

    b.  Defendant would pay Plaintiff a quarterly bonus based on the percent achieved of
    the quarter gross revenue goal; and

    c.  Defendant would pay Plaintiff a year-end $25,000 annual bonus if the annual
    revenue goal was achieved.

54. Defendant's offer letter and subsequent verbal communications between Plaintiff and
    Defendant constitute a valid and enforceable contract between Plaintiff and Defendant.

55. Defendant did not honor the terms of these verbal and written agreements.

56. At the time of this filing:

    d.  Defendant owed Plaintiff $11,250 in wages;

    e.  Defendant owed Plaintiff $5,008.31 for 2015 Q3 and Q4 bonuses; and

    f.  Defendant owed Plaintiff an undetermined amount for 2016 Q1 and Q2 bonuses.

57. Plaintiff has performed all conditions precedent under the contract or, alternatively,
    Defendant has waived such performance.

58. Defendant's failure to provide Plaintiff with the aforementioned amounts constitutes a breach
    of contract.

59. As result of Defendant's breaches of the aforementioned contracts, Plaintiff has been
    damaged in an amount to be determined at trial, in addition to attorney's fees and court costs

incurred in connection with the instant complaint.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT V**
**MISREPRESENTATION/FRAUD**

60. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

61. Defendant intentionally and knowingly misrepresented to Plaintiff the amount of wages that Plaintiff would receive for his employment and the amount of wages that Defendant would withhold for health insurance.

62. Defendant made the above misrepresentations with the intention that Plaintiff rely on such in order to entice Plaintiff to work as Vice President of Interactive Sales and Partnerships with Defendant.

63. As a direct and proximate result of these actions, Plaintiff was sustained damages to be determined at trial.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT VI**
**UNJUST ENRICHMENT**

64. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same, were set forth more fully at length herein.

65. Plaintiff rendered services as Vice President of Interactive Sales and Partnerships to Defendant in expectation of compensation for such services.

66. Defendant accepted these services and, in turn, failed to compensate Plaintiff for the fair

market value of his services.

67. From at least February 2016 through January 2017, Defendant accepted service from Plaintiff for which it failed to compensate Plaintiff.

68. Defendant has been unjustly enriched at the expense of Plaintiff.

69. As a direct and proximate result of these actions, Plaintiff has sustained damages to be determined at trial.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief, clause of this Complaint, *infra*.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Ezio Torres, requests that the Court grant him the following relief against Defendant:

(a)   Damages for past and future monetary losses as a result of Defendant's violation of the law;

(b)   Compensatory damages;

(c)   Punitive damages;

(d)   Liquidated damages;

(e)   Emotional pain and suffering;

(f)   Reasonable attorneys' fees;

(g)   Recoverable costs;

(h)   Pre and post judgment interest;

(i)   An allowance to compensate for negative tax consequences;

(j)   A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which violate the law.

9

(k)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for his adverse actions, disciplines, and termination; and

(l)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW LLC

Date: September 29, 2017          By:     David M. Koller
                                          CST
                                          David M. Koller, Esquire – 90119
                                          2043 Locust Street, Suite 1B
                                          Philadelphia, PA 19103
                                          T: (215)-545-8917
                                          F: (215)-575-0826

10